NO. 8161       COURT OF APPEAL

MRS. MYRTLE S. WHITE

VS       STATE OF LOUISIANA

HAMPTON REYNOLDS.       PARISH OF ORLEANS

*Court of Appeal*
PARISH OF ORLEANS
FILED DEC 12/21

8161

217

## OPINION.

By his Honor John St. Paul.

This is an action ex delicto. Plaintiff sues for damages to her automobile and for hurt to herself. The defense *of defendant and contributory negligence on the part* is want of negligence on the part of plaintiff. The material facts are practically undisputed and the case presents only questions of law.

### I.

Defendant is a road contractor, and at the time of the accident was constructing a suburban highway which leads north from the thickly inhabited parts of the city of New Orleans, through the more sparsely settled portions thereof, and beyond; but all within the corporate limits of said city, and much traveled. He had completed the work from the city proper up to the point where the accident occurred, and was at work at that point and beyond. The road was some 26 feet wide from ditch to ditch, and when completed was to consist of a graveled strip 16 feet wide having on each side a strip of packed and sodded soil about 5 feet wide, level with the gravel where it meets the same and sloping slightly to the ditch on either side.

218

The method of construction was to get the lines and levels from the highway engineers, and then to set up guide boards 12 inches high and 16 feet apart and pour gravel between the same; which, on being spread out evenly and rolled, packed or "set" on a level or nearly on a level with the top of the aforesaid guide boards the earth from the ditches was to be thrown up to form the "shoulders" or sloping strips which we have mentioned. When finished the guide boards were to be taken up and the road was then to consist, *as aforesaid,* of a level roadway having a graveled strip in the center 16 feet wide and two strips of packed and sodded soil, each about 5 feet wide and sloping gently towards the drainage ditches on either side.

On the night of the accident, for it occurred at night, the road had been completed from the city to the point of accident; and along the completed portion presented the appearance just mentioned; but just at this point the guide boards were still standing and protruding some inches above the level of the gravel within and of the shoulders without.

It is not made clear by the evidence whether the gravel had yet set, or had settled; or whether the shoulders had yet been thrown up to their proper level or had become

219

soft on account of rains. But all this is quite immaterial for it is an undisputed fact that the guide boards still stood in place and that these guide boards caused the accident when plaintiff ran partly off the gravel with one wheel sinking in the ##### unfinished shoulder and the other sinking in the loose sunken gravel.

The evidence shows that plaintiff had no knowledge that the work was going on at that point, and also that neither barrier nor red light had been placed by defendant to warn travelers that such work was going on and that at this point an obstruction stood in the roadway which narrowed it down from a clear patch of 26 feet to one of only 16 feet. In other words there was nothing to warn travelers that, from this point on, they must confine themselves strictly within the lines of the graveled portion of the road. And this failure to warn travelers, especially by night, of the changed and dangerous condition of the road thence forward, was in our opinion legal neglegence. Our jurisprudence is overwhelmingly that way.

Jacobs vs Jacobs, 141 La 273, Citing; 134 La 455, 128 La /82, 126 La 594, 120 La 831, 118 La 77, 10 La 412, ##, 50 An 284. See also Allen vs Mindan, 127 La 403, Citing; 121 La 910, 41 An 1031. Also, Aucoin vs City, 105 La 271; Smith vs Telephone Co, 7 Orleans Appeals 571; Gas Co vs Patterson , 12 Orleans Appeals 410,

220

## II.

So much on the subject of defendants negligence; and now as to the alleged contributory negligence of plaintiff.

The accident occurred in this wise. Plaintiff was coming from the city, going at a moderate rate of speed (15 or 18 miles) and overtook another automobile proceeding at a still slower rate, just at the point where the guide boards still stood. The other driver did not yield sufficient roadway to pass him by on the graveled portion of the road, and plaintiff turned aside slightly for that purpose. In so doing her left wheels came off the gravel and onto the shoulder, thus bringing her automobile directly over the upstanding guide board , by which her auto was caught and almost wrecked and she herself thrown forward and hurt.

It is charged that it was contributory negligence on her part to leave the graveled strip and turn partly upon the unsurfaced part of the road; and some authorities are cited, as upholding that contention; but we do not think they do.

At most they hold this; That it is not the duty of municipal and county authorities to maintain in thoroughly

221

good order, the whole width of a street or highway, but
only a reasonable portion thereof sufficient for the
purpose of travel; and that a traveller who leaves the
ordinary path "without some sufficient reason for doing so ",
MAY be guilty of contributory negligence under the particular #
circumstances surrounding the occurence. Goelz vs Ashland,
75 Wis 642; Carey vs Hubbardston, 172 Mass 521- (Burke vs
Tricalli, 124xLa 774; and Tatje vs Frawley, 52 An 884,
are illustrative of such circumstances.)

But the general rule is thus laid down by Cyc. Vol
28 p 1430, which is both reasonable and supported by ample
 authority, to wit; There is no rule of law requiring a
traveler to keep in the usually traveled portion of a public
way; and the mere fact that a person is off the traveled
portion of the roadway at the time he was injured, does not
per se constitute contributory neglegence.

And again; A traveler at night, in the basence of knowledge
to the contrary, has the right to act on the assumption
that the street or way is in a reasonably safe condition
for travel by night as well as by day; and is not bound
to anticipate that he will encounter excavations (or other
obstructions) without having some notice thereof by# lights

222

or other precautions taken for his protection. 28 Cyc 1432.

We find no contributory neglegence in plaintiff.

### III.

As to the quantum of damages; It is not disputed that plaintiff paid $380 for the repair of her automobile and that this amount was reasonable. As to the personal injuries suffered by herself, it is shown that she was thrown violently forward, had her knee lacerated and her arm bruised, and received such a severe shock to her nervous system that she was detained at home for three weeks, under the daily care of her physican for the first week, and afterwards every other day; that she suffered and still suffers from severe headaches brought on by her nervous state; and on the whole we think she should be allowed, say, $400 for her personal injuries.

The judgment appealed from is therefore reversed; and it is now ordered that plaintiff, Mrs. Myrtle S. Feitel, have judgment against defendant, Hampton Reynolds, for the full sum of *Seven* ~~Eight~~ hundred and eighty dollars ($780), with legal interest from judicial demand until paid and the costs of both courts.